# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARIA MORALES-MARTINEZ, <br><br> Defendant. | No. 19-CR-1013-CJW-MAR <br><br> **ORDER** |

## I.  INTRODUCTION

This matter is before the Court on a Report and Recommendation ("R&R") (Doc. 18) of the Honorable Mark A. Roberts, United States Magistrate Judge.  On June 18, 2019, defendant filed a Motion to Dismiss and/or Suppress Evidence.  (Doc. 13).  The government timely filed a resistance.  (Doc. 14).  On July 17, 2019, Judge Roberts held a hearing on the motion.  (*See* Doc. 17).  On August 16, 2019, Judge Roberts issued his R&R, recommending that the Court deny defendant's Motion to Dismiss and/or Suppress.

The deadline for filing objections to the R&R was August 30, 2019.  (Doc. 18, at 12).  Neither party filed objections.  For the following reasons, the Court adopts Judge Roberts' R&R without modification and **denies** defendant's Motion to Dismiss and/or Suppress Evidence.

## II.  STANDARD OF REVIEW

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen de novo review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620–19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R.Rep. No. 94–1609, at 3, reprinted in 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain

amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's required de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger de novo review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has concluded that general objections require "full de novo review" if the record is concise. *Id.* ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this Court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Ass'n, Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate.").

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the

3

magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed).

The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Med. Clinic, P.C.*, 498 F.3d 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this Court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* FED. R. CIV.

4

P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the Court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153–54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.

### III. FACTUAL BACKGROUND

Neither party ordered a transcript of the hearing. As neither party has filed objections to Judge Roberts' R&R, the Court adopts the facts as found by Judge Roberts.

Defendant was indicted on May 8, 2019 on two counts: Count 1, unlawful use of an identification document in violation of 18 U.S.C. Section 1546(a); and Count 2, misuse of a social security number in violation of 42 U.S.C. Section 408(a)(7)(B).

Defendant was formerly employed at Agri Star Meat and Poultry, LLC ("Agri Star") in Postville, Iowa. (Doc. 13-2.) She was hired in September 2016 and fired on December 19, 2018. (*Id.*) Following the termination of her employment, on February 26, 2019, her civil attorney mailed a "confidential settlement communication" raising complaints of pregnancy discrimination, harassment, and retaliation and seeking reinstatement or compensation in exchange for settlement of her claims. (*Id.* at 4.)

On March 12, 2019, Homeland Security Special Agent Michael Fischels received an unsolicited call from Agri Star's human resources

department with a tip that an employee known as Dalia Espinoza had previously worked for Agri Star under the name Leticia Alvarez. (Doc. 13-3 at 2.) Agri Star also supplied a Form I-9, State of Iowa W-4, and a Federal W-4 for Dalia Espinoza, as well as a Form I-9 for Leticia Alvarez. (*Id.*) It appears that Agent Fischels reviewed the forms provided by Agri Star and then commenced his own investigation by conducting credit history checks; contacting other law enforcement agencies; contacting family members; and conducting surveillance; as well as reviewing immigration records, Facebook posts, and photographs. (*Id.* at 2-5.) Agri Star also confirmed a match between photographs of Leticia Alvarez and Dalia Espinoza. (*Id.* at 4.)

At the same time, it appears Agent Fischels was also conducting an investigation of Mario Gonzalez. This led to Agent Fischels' receipt of a police report from the Postville, Iowa Police Department describing a domestic altercation involving Mario Gonzalez and Maria Guadalupe Morales Martinez. (Doc. 13-4 at 2.) Agent Fischels was able to then opine that defendant was the person who had used the identities of Leticia Alvarez and Dalia Espinoza. (*Id.*)

The Government's brief asserts the following statements are facts:

> In early 2019, HSI Special Agent (SA) Michael Fischels was visiting Agri-Star Meat and Poultry, LLC, in Postville, Iowa, on an unrelated matter. During the course of his visit, SA Fischels learned from a human resources (HR) manager that a former employee named Dalia Espinoza had previously worked at the company under the name Leticia Alvarez. SA Fischels advised the manager that he would look into the matter if they sent him documentation. The manager also mentioned something about a letter Espinoza sent to the company, but she did not provide any details about the

6

> contents of the letter, the complaint, or reasons behind the letter.

(Doc. 14-1 at 2.) The evidence adduced at the hearing, however, did not establish all of the facts asserted by the Government in its brief; i.e., that Agent Fischels obtained the tip in person, the details of who relayed the tip to him, or his knowledge of a letter Defendant sent to Agri Star. Nevertheless, even if I accept these statements as admissions by the Government showing somewhat greater involvement by Agri Star in the underlying investigation than is disclosed by the exhibits in evidence, these alleged facts do not alter my report or recommendations.

(Doc. 18, at 1-3).

## IV. ANALYSIS

In the Motion to Dismiss and/or Suppress, defendant argues that the Court should dismiss the indictment for vindictive prosecution or "suppress all evidence obtained directly from the employer's illegal retaliation under either the Court's supervisory role or substantive due process." (Doc. 13-1, at 7). After reviewing the law on vindictive prosecution, Judge Roberts found that defendant's argument failed for multiple reasons.

First, Judge Roberts noted that defendant acknowledged there was nothing in the record establishing Agent Fischels knew that defendant had asserted any claim against Agri Star. (Doc. 18, at 5). Judge Roberts concluded that "[i]f Defendant cannot establish that Agent Fischels even knew of her claim, she cannot establish that he pursued the prosecution vindictively in response to her assertion of that right." (*Id.*, at 6). The Court agrees. Here, the government cannot be tarred with a claim of retaliation for claimant's exercise of her civil rights when there is no evidence the government was even aware of claimant's exercise.

Second, Judge Roberts noted that even if the law may support a civil claim against Agri Star for reporting her to immigration authorities in retaliation for her asserting a

discrimination claim against Agri Star, there is no legal authority to support the proposition that the government is barred from prosecuting defendant for committing federal offenses. (*Id.*, at 6-7). In any event, Judge Roberts again noted that "there is no evidence to support that the Government or Agent Fischels acted out of vindictiveness or retaliation against Defendant for exercising any right." (*Id.*, at 7). The Court agrees. There is no evidence that the government was aware claimant made a discrimination claim against Agri Star, no evidence that the government prosecutor acted because defendant made such a claim, and no law to support a conclusion that the government is prohibited from enforcing the criminal law even if it were aware defendant made such a claim. To hold otherwise would be to grant defendants immunity from prosecution whenever they made discrimination claims against employers. The Court could find no case, within or without the Eighth Circuit Court of Appeals, that held that the government is barred from prosecuting a person for a criminal offense, even if the government was alerted to the offense by a private party who was retaliating against the person for making an employment claim against the private party.

Judge Roberts went on to find that "[d]efendant has offered no evidence that would establish the prosecutor harbored any animus toward her." (*Id.*, at 8). Judge Roberts noted that, regardless of Agent Fischels' knowledge and motive, there was no evidence that the prosecutor brought the charges in this case with any knowledge that claimant made an employment claim, or with an intent to retaliate against her for doing so. (*Id.*). The Court agrees. Vindictive prosecution claims fail when a defendant fails to show that the government's decision to prosecute was based on improper grounds, regardless of the motivation of the underlying investigation and recommendation for prosecution by a law enforcement agency. *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (focusing on the prosecutor's motive).

Judge Roberts also found that dismissal and suppression of evidence were inappropriate under both the Court's supervisory role and as a matter of due process. (Doc. 18, at 10-12). Judge Roberts found that the evidence did not bear out defendant's claim that defendant's employer was acting in bad faith with Agent Fischels. (*Id.*, at 10). Judge Roberts found that the evidence did not establish bad faith retaliation by the employer, let alone Agent Fischels or the prosecutor. (*Id.*, at 10-11). Judge Roberts also noted that defendant cited no authority that a court, under its supervisory authority, could suppress evidence even if a private party tipped off the police for retaliatory purposes. The Court agrees with Judge Roberts' analysis. A claim may or may not lie against Agri Star for tipping off the police as to defendant's criminal conduct, but there is no basis in fact or law for the Court to exercise its authority to bar the government from prosecuting defendant for that crime.

Finally, Judge Roberts rejected defendant's argument that the Court should suppress the evidence on the basis of a violation of defendant's due process rights. (*Id.*, at 11-12). Judge Roberts found that the evidence did not establish any outrageous conduct by the government and that there was no evidence of collaboration or conspiracy between any government employee and Agri Star. The Court agrees. There is no legal basis to suppress evidence when the government here did its duty. It was alerted to a crime, investigated the crime, and brought criminal charges against defendant. The exclusionary rule was created to punish and deter wrongful government conduct. *Michigan v. Tucker*, 417 U.S. 433, 447 (1974) (noting the rationale for exclusion of evidence is weak when there is no need for deterrence of wrongful conduct by the government). The government did nothing wrong here, whatever the motives of Agri Star were in tipping off the government to defendant's crimes.

## V. CONCLUSION

For the reasons set forth above, the Court finds no error, clear or otherwise, in Judge Roberts' R&R.  The Court adopts without modification Judge Roberts' R&R (Doc. 18) and defendant's Motion to Dismiss and/or Suppress (Doc. 13) is **denied**.

**IT IS SO ORDERED** this 3rd day of September, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa